IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Larnelon Shipping Ltd., | § | |
| | § | |
| and | § | |
| | § | CIVIL ACTION _____ |
| Ramdibi Seas Inc., | § | |
| | § | IN ADMIRALTY, Rule 9(h) |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| Empresa Publica Flota Petrolera Ecuatoriana (FLOPEC)- EP | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| BP Products North America Inc. | § | |
| | § | |
| ConocoPhillips Company | § | |
| | § | |
| Flint Hills Resources, LP | § | |
| | § | |
| Marathon Petroleum Company | § | |
| | § | |
| Marathon Petroleum Company LP | § | |
| | § | |
| Marathon Petroleum Corporation | § | |
| | § | |
| Marathon Petroleum Ecuadorian, Ltd. | § | |
| | § | |
| Marathon Refining Company | § | |
| | § | |
| Phillips 66 Company | § | |
| | § | |
| Shell Oil Company | § | |
| | § | |
| Tesoro Refining & Marketing Company LLC | § | |
| | § | |
| Tesoro Refining, Marketing & Supply Company | § | |
| | § | |
| Tesoro Companies, Inc. | § | |
| | § | |
| Unipec America, Inc. | § | |
| | § | |

| | |
|---|---|
| Valero Marketing and Supply Company | § |
| | § |
| Valero Refining and Marketing Company | § |
| | § |
| Garnishees. | § |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Larnelon Shipping Ltd. ("Larnelon") and Ramdibi Seas Inc. ("Ramdibi"), Plaintiffs, bring this action against Empresa Publica Flota Petrolera Ecuatoriana (FLOPEC)- EP ("Flopec") *quasi in rem*, pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment to against Garnishees and state as follows:

### Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

### The Parties

5. Larnelon is a corporation organized under the laws of Liberia and owns the M/T DIAMONDWAY, IMO No. 9742895, an ocean-going tanker vessel.

6. Ramdibi is a corporation organized under the laws of Liberia and owns the M/T GOLDWAY, IMO No. 9742900, an ocean-going tanker vessel.  Herein, the M/T DIAMONDWAY and M/T GOLDWAY are collectively referred to as the "Vessels."

7. Flopec is an Ecuadorian corporation and chartered the M/T DIAMONDWAY from Larnelon and the M/T GOLDWAY from Ramdibi.  Flopec , as detailed herein, wrongfully has failed or refused to pay certain sums as the respective Charters with Larnelon and Ramdibi require.

8. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, Plaintiffs reasonably believe hold accounts which are the property of and/or owing to Flopec.

## Facts

### M/T DIAMONDWAY - Larnelon

9. Larnelon and Flopec on November 12, 2018 entered into a Charter for the use of the M/T DIAMONDWAY thereafter agreed to related documents, also requiring Flopec to pay Larnelon under the Charter.   The Charter required that Flopec pay charter hire and for demurrage and other expenses associated with Flopec's Charter for the M/T.  Flopec has breached this Charter in a series of ways.

10. In particular, under the Charter, Flopec agreed to pay demurrage and the expense of shifting the M/T DIAMONDWAY within ports of call, including towage expense.  While under Charter to Flopec, Flopec for the M/T DIAMONDWAY incurred demurrage expenses of $195,964.86, agreed shifting expense at the port of El Segundo of $22,390.70 and further shifting expense (towage) at El Segundo of $56,938.   Subsequent to repeated demand, Flopec has paid the shifting expense at El Sugundo, less bank charges of $35, but failed to pay any of

the demurrage expenses and shifting expense (towage), which it otherwise agreed in the Charter to pay.  The total principal amount owing is **$252,937.86**.

### M/T GOLDWAY - Ramdibi

11. Ramdibi and Flopec on or about September 14, 2018 entered into a Charter for the use of the M/T GOLDWAY and thereafter agreed to related documents, also requiring Flopec to pay Ramdibi under the Charter.  The Charter required that Flopec pay charter hire and for demurrage and other expenses associated with Flopec's Charter for the M/T GOLDWAY.  Flopec has breached this Charter in a series of ways.

12. In particular, under the Charter, Flopec agreed to pay the expense of shifting the M/T GOLDWAY within ports of call, including towage expense, and also agreed to pay freight taxes.  While under Charter to Flopec, Flopec for the M/T GOLDWAY incurred shifting expense $65,362.50 and freight tax of $884.  Despite repeated demand, Flopec has paid freight tax less bank charges of $41, but failed to pay any of the shifting expenses, which it otherwise agreed in the Charter to pay.  The total principal amount owing is **$65,403.50**.

### Count I – Breach of Maritime Contracts

13. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

14. Flopec has breached its maritime contracts (the Charters) with Plaintiffs respectively as set out above.  Despite repeated demand, Plaintiffs remain unpaid.

15. Plaintiffs therefore demand judgment, as set out more fully below.

### Count II - Maritime Attachment and Garnishment (Rule B)

16. Plaintiffs incorporate the above paragraphs as if specifically set forth herein.

17. Plaintiffs seek issue of process of maritime attachment so that they may be secured for payment and then paid the amounts due from Flopec, from the garnished amounts.

18. No security for Plaintiffs' claims has been posted by Flopec or anyone acting on its behalf.

19. Flopec cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees in this District, including but not limited to those named within.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray:

A. That in response to Count I, judgment be entered against Flopec in the total amount of at least **$418,341.36**, as follows:

   In favor of Larnelon, for **$327,937.86** (principal of $252,937.86, attorneys' fees, costs and interest of $75,000).

   In favor of Ramdibi, for **$90,403.50** (principal of $65,403.50, attorneys' fees, costs and interest of $25,000).

B. That in response to Count II, since Flopec cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Flopec's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

   D. That this Court award Plaintiffs such other and further relief that this Court deems just and proper.

Dated: January 6, 2020.

            YOUNG CONAWAY STARGATT & TAYLOR LLP

            */s/ Timothy Jay Houseal*
            Timothy Jay Houseal (Del. Bar ID No. 2880)
            Rodney Square
            1000 North King Street
            Wilmington, DE 19801
            (302) 571-6682
            thouseal@ycst.com

            *Attorneys for Larnelon Shipping Ltd., and Ramdibi Seas Inc.*

**OF COUNSEL**

J. Stephen Simms
Simms Showers LLP
201 International Circle, Ste. 250
Baltimore, Maryland 21030
Telephone: (410) 783-5795
Facsimile: (410) 510-1789
jssimms@simmsshowers.com

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiffs.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiffs made available to me by Plaintiffs. Authorized officers of Plaintiffs are not readily available in this District to make verifications on Plaintiffs' behalf. I am authorized to make this verification on Plaintiffs' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for Defendant in this District.

> Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on January 6, 2020.
>
> */s/ J. Stephen Simms*
> J. Stephen Simms

25817691.1